## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Cr. No. C-98-265 (2) |
| | § | |
| VICTOR VEGA, | § | |
|    Defendant. | § | |

## ORDER DENYING MOTION TO SET ASIDE THE JUDGMENT

### I.  BACKGROUND

Defendant Victor Vega ("Vega") was sentenced by this Court on February 9, 1999 to 360 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. (D.E. 32). Judgment of conviction and sentence was entered February 17, 1999. (D.E. 38). Vega timely appealed, but the Fifth Circuit dismissed his appeal as frivolous. (D.E. 50). On May 18, 2000, Vega filed a motion pursuant to 28 U.S.C. § 2255. (D.E. 54). The Court denied the motion in an order entered August 29, 2000. (D.E. 57). Final judgment in those § 2255 proceedings was entered the same date. (D.E. 58). Vega did not appeal.

On January 27, 2006, the Clerk received from Vega a motion asking that the judgment in his prior § 2255 proceedings be set aside pursuant to Fed. R. Civ. P. Rule 60(b)(4) and (6) and asking to be resentenced. (D.E. 59). This motion is now pending before the Court and addressed herein. In his motion, Vega relies on United States v. Booker, 125 S. Ct. 738 (2005), arguing that his constitutional rights were violated because his sentence was enhanced based on facts not found by a jury beyond a reasonable doubt nor admitted by him. He claims that, "had he been sentenced without

the unconstitutional enhancements being added on, he would have received a much lesser sentence." (D.E. 59 at 2). For the reasons set forth herein, the motion is DENIED.

## II. ANALYSIS

Vega seeks relief pursuant to Fed. R. Civ. P. Rule 60(b), but what he is actually challenging is the constitutionality of his sentence. While the proper vehicle for a constitutional challenge to a criminal sentence is a motion pursuant to 28 U.S.C. § 2255, his motion does not cite to § 2255, nor is it styled as a motion to correct, vacate or reduce his sentence. Cognizant of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124 S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions).

The Court further notes that, even if Vega had styled his motion as a § 2255 motion, he would not be entitled to relief because this Court cannot consider his motion unless he obtains first overcomes a significant procedural hurdle. Specifically, his motion would be a "second or successive" § 2255 motion and he has not obtained permission from the Fifth Circuit to file it. See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Absent such permission, this Court would not have jurisdiction to consider his motion, even if it were construed as a § 2255 motion.

Finally, the Court notes that the Fifth Circuit has recently squarely held that Booker is not retroactively applicable on collateral review. United States v. Gentry, 432 F.3d 600, 605 (5th Cir.

Dec. 8, 2005). Thus, even if his claim were properly before this Court, it would be denied on its merits. Booker does not provide a basis for relief to a defendant, such as Vega, whose conviction became final before the case was decided. Gentry, 432 F.3d at 603-04 & n.2.

### III. CONCLUSION

For the foregoing reasons, Vega's motion (D.E. 59) is DENIED.

It is so ORDERED this 2nd day of February, 2006.

_____
Janis Graham Jack
United States District Judge